

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| RONNIE FLOOD, individually and as attorney in fact for Willie Flood, | § § § | |
| Plaintiff, | § § | Civil Action No.: 5:18-878-MGL |
| vs. | § § | |
| SAFECO INSURANCE COMPANY OF AMERICA, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION

This is an action for breach of an insurance contract and related claims. The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

Pending before the Court is Defendant's partial motion to dismiss Plaintiff's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 23. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendant's Motion to Dismiss will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

This action arises out of Defendant's failure to pay Plaintiff's claim for benefits under a homeowners' insurance policy Defendant issued to Plaintiff's father. Plaintiff has power of attorney rights for his father.

Plaintiff filed his initial complaint in the Court of Common Pleas for Orangeburg County, South Carolina, on March 1, 2018. ECF No. 1-2. On March 30, 2018, Defendant removed the action to this Court, ECF No. 1-1, and filed a motion to dismiss the initial complaint, ECF No. 4. On May 17, 2018, the Court granted Plaintiff leave to amend his complaint and dismissed without prejudice Defendant's motion to dismiss the initial complaint. ECF No. 20. Plaintiff thereafter filed an amended complaint, which asserts claims for breach of contract, violation of S.C. Code Ann. § 38-57-70, which is a provision of the South Carolina Insurance Trade Practices Act, and negligence. ECF No. 21.

Defendant filed its partial motion to dismiss Plaintiff's amended complaint on May 31, 2018. ECF No. 23. Plaintiff responded on June 14, 2018, ECF No. 24, and Defendant replied on June 15, 2018, ECF No. 26. Having been fully briefed on the relevant issues, the Court is now prepared to discuss the merits of Defendants' motion to dismiss the amended complaint.

## III. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Although Rule 8(a) does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

**IV.     CONTENTIONS OF THE PARTIES**

In its partial motion to dismiss, Defendant argues Plaintiff's second cause of action for violation of S.C. Code Ann. § 38-57-70, which is a provision of the South Carolina Insurance Trade Practices Act, must be dismissed because the Act fails to create a private cause of action. Plaintiff responds his complaint alleges bad faith adjustment of his claim for insurance benefits, and Defendant's bad faith actions should not be excused simply because they constitute a violation of the Act.

**V.     DISCUSSION AND ANALYSIS**

As Defendant explains in its motion, the South Carolina Insurance Trade Practices Act does not create a private right of action. *Masterclean, Inc. v. Star Ins. Co.*, 556 S.E.2d 371, 377 (S.C. 2001) ("The statute clearly manifests legislative intent to create an administrative remedy and not a private right of action."). The Act provides an administrative remedy only. *Id.* Therefore, Plaintiff's second cause of action for violation of S.C. Code Ann. § 38-57-70, a provision of the Act, fails as a matter of law and must be dismissed.

The Court notes Plaintiff's contention that Defendant's bad faith actions should not be excused simply because they violate the Act is misplaced. The second cause of action in the amended complaint specifically alleges a violation of § 38-57-70 and is explicitly brought under that statute. ECF No. 21, ¶¶ 16-25. The Court's dismissal of the claim does not prevent Plaintiff from seeking to hold Defendant liable for bad faith; rather, it prevents Plaintiff from seeking to hold Defendant liable under a statute that fails to create a private cause of action.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendant's partial motion to dismiss the amended complaint is **GRANTED**, and the second cause of action in the amended complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 30th day of July 2018 in Columbia, South Carolina.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
